# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MAGGIE THOMAS. <br>                         Plaintiff, <br> v. <br> JAMES HINES, individually and in his official capacity and CITY OF ATLANTA, <br>                         Defendants. | CIVIL ACTION <br> FILE NO.: 1:22-CV-04417-SDG <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

COMES NOW Maggie Thomas, Plaintiff, and makes this Amended Complaint against Defendants, James Hines and City of Atlanta, consistent with the renewal provisions of O.C.G.A. § 9-11-41 (a), 9-2-61 and Federal Rule of Civil Procedure 15(a)(1)(B), and shows as follows:

## JURISDICTION AND VENUE

1.

This is a renewal action of 20EV002817, previously pending in the State Court of Fulton County. Said State Court Complaint was properly dismissed without prejudice on October 3, 2022. The renewal complaint is not a void complaint nor had there been, prior to the Plaintiff's voluntary dismissal without prejudice, a determination rendering said suit dismissed on its merits and the present action is substantially the same as the dismissed suit. See attached Complaint, Dismissal without prejudice and Odyssey case filing history.

2.

This is a civil rights action in which the Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.

Plaintiff Maggie Thomas resides at 657 Boulevard Street, NE, Atlanta, Georgia 30308, Apartment 105. Ms. Thomas is subject to the jurisdiction of this Court.

4.

Defendant James Hines resides at 21 Madrid Avenue, Newnan, Georgia 30263, and may be served with a copy of the Summons and Complaint at this address.

5.

Defendant City of Atlanta is a municipality of the State of Georgia and is responsible for the operation and funding for the Atlanta Police Department for which James Hines worked as a Sergeant. The City of Atlanta may be served with Summons and Complaint through Mayor Andre Dickens at the Office of the Mayor, City of Atlanta, 55 Trinity Avenue, SW, Suite 2400, Atlanta, Georgia 30303. Defendant City of Atlanta is subject to the jurisdiction of this Court.

6.

On October 18, 2019, Plaintiff provided ante litem notice to Defendant City of Atlanta, and Plaintiff has complied with all conditions precedent to bringing this action. (A copy of the Ante Litem notice is attached hereto as Exhibit "A")

7.

Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise.

8.

Jurisdiction and venue are proper in this Court.

**PARTIES**

9.

Plaintiff, Maggie Thomas (Ms. Thomas), was at the time of the complained-of incident a thirty-two (32) year old woman and mother residing in Atlanta, State of Georgia.

10.

Defendant, James Hines (Defendant Hines), was employed by the City of Atlanta Police Department as a Sergeant and was acting under the color of law and within the scope of his employment.

11.

The City of Atlanta is a municipality in the State of Georgia which has a Police department known as the Atlanta Police Department.

12.

The Atlanta Police Department is charged with enacting and enforcing policies, procedures, protocols and customs to ensure its officers are properly trained to carry out their duties. The City of Atlanta failed in this regard by enacting policies, whether written or unwritten, that demonstrate deliberate indifference to Plaintiff, thereby causing the herein complained of harm suffered by Plaintiff, including one or more of the following failures:

  a. Not properly training officers on the use and dangers of tasers,
  b. Training and/or allowing officers to tase people who are simply being non-compliant even when said person poses no physical threat,
  c. Training and/or allowing officers to engage in tasings and other forms of use of force without ensuring their body cameras are properly affixed to their persons and working properly,
  d. Encouraging officers to act improperly by permitting officers to resign in lieu of suspension or termination after they improperly tase citizens who are lying on the ground in handcuffs all without their body cameras being operational,

e. Encouraging officers to act improperly by permitting officers to resign in lieu of suspension or termination after they improperly strike citizens with a closed fist who are lying on the ground in handcuffs all without their body cameras being operational,

f. Having wholly inadequate disciplinary processes in place such that Officer Hines was permitted to resign rather than being terminated or suspended after he tased and struck with a closed fist the Plaintiff while she was lying on the ground handcuffed.

g. Defendant City of Atlanta demonstrated deliberate indifference to Plaintiff's constitutional rights, as complained of herein, and the harm suffered is a direct result of the City of Atlanta's deliberate indifference and was foreseeable.

13.

All herein complained of actions of the Defendants were done recklessly, intentionally, maliciously, with gross negligence, wantonly, knowingly and with deliberate indifference to the rights of Plaintiff in such a way as to shock the conscience and be objectively unreasonable.

## BACKGROUND FACTS

14.

On May 1, 2019, Ms. Thomas was sitting in her vehicle with her underage child, in the parking lot of her apartment complex located at 657 Boulevard Street, NE, Apartment 105, Atlanta, Georgia 30308.

15.

Defendant Hines, while driving a City of Atlanta Police vehicle, pulled into the parking lot, drove up to Ms. Thomas' vehicle and asked if anyone had driven her vehicle to which Ms. Thomas responded no.

16.

Ms. Thomas asked Defendant Hines what was wrong to which Defendant Hines stated that he did not have to answer her.

17.

Ms. Thomas asked Defendant Hines for his superior's name and contact information, and without responding, Defendant Hines left the parking lot.

18.

Defendant Hines returned to the parking lot and again approached Ms. Thomas and her underaged child at her vehicle.

19.

Defendant Hines asked Ms. Thomas her name and seeing her phone attempted to take it away and handcuff her.

20.

Ms. Thomas, rather than relinquishing her phone called 911 and was tased by Defendant Hines as her underaged child clung to her.

21.

Hearing the commotion, Ms. Thomas' neighbors came outside and began recording the interaction, Ms. Thomas' underaged child ran to one of the neighbors.

22.

Defendant Hines threw Ms. Thomas on the ground and handcuffed her.

23.

Next, Defendant Hines punched Ms. Thomas in the eye and tased her multiple times while she was handcuffed and laying on the ground.

24.

Other Officers with the Atlanta Police Department arrived at the scene and pulled Defendant Hines away from Ms. Thomas.

25.

A Captain at the scene advised Ms. Thomas that she had a failure to appear for traffic court but was unable to confirm whether there was a warrant for her arrest.

26.

Ms. Thomas was arrested and taken to Atlanta City Jail, later on the same date, Ms. Thomas was transported to Grady Memorial Hospital for treatment of her injuries.

27.

After her initial treatment at Grady, Ms. Thomas was transported back to the Atlanta City Jail where she was held for 24 hours and then released.

28.

Following the incident, all charges against Ms. Thomas were dropped and Defendant Hines was allowed to resign from the Atlanta Police Department.

29.

As a result of this incident, Ms. Thomas suffered severe and serious injuries and severe bruising to her head, left eye, shoulder and back.

30.

Defendant Hines use of force on Ms. Thomas was unreasonable under the totality of the circumstances.

31.

Defendant Hines knew or should have known that the force he used was unreasonable, as would any prudent officer in Hines place.

32.

Defendant Hines acted in a way that was arbitrary and conscience shocking in a constitutional sense, and in a manner that intended to injure Ms. Thomas, void of any justification for any government interest.

33.

Ms. Thomas has suffered and continues to suffer as a result of the Defendants' complained of actions.

34.

As a direct and proximate result of the wrongful acts of Defendant Hines, Ms. Thomas has suffered harm and sustained damages.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (FOURTH, EIGHTH and FOURTEENTH AMENDMENTS-Excessive Force, Cruel and Unusual Punishment and Due Process)

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-34 above as if fully restated.

36.

Defendants, acting under color and authority of state law, have maliciously, intentionally and with deliberate indifference deprived Ms. Thomas of her rights, privileges and immunities secured by the United States Constitution, specifically, the right to not be deprived of her liberty, due process of law, the right to be free from the use of excessive and illegal force against her person and the right not to be subjected to cruel and unusual punishment under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and its laws pursuant to 42 U.S.C. § 1983.

37.

The Fourth Amendment prohibits law enforcement from using unreasonable and excessive force on citizens while carrying out their official duties.

38.

The Eighth Amendment prohibits law enforcement from using cruel and unusual punishment on citizens while carrying out their official duties.

39.

The Fourteenth Amendment makes the due process clause applicable to the States and prohibits governmental actors from acting in a way that is arbitrary and conscience shocking in a constitutional sense and acting in a manner that intended to injure Ms. Thomas, unjustifiable by any government interest.

40.

At all times relevant, Ms. Thomas had a clearly established right to liberty, including her right to personal safety and bodily integrity, as well as protection from excessive force pursuant to the Fourth Amendment to the United States Constitution.

41.

At all times relevant, as a police officer acting under color of law, Defendant Hines was required to obey the laws of the United States.

42.

In violation of Ms. Thomas' clearly established right to be free from unreasonable search and seizures, Defendant Hines decided to tase, drag and punch Ms. Thomas without any lawful basis and with the knowledge that he was using a potentially deadly weapon, a taser and his fist, on a citizen who was handcuffed and laying on the ground, not posing a physical threat to anyone.

43.

Under the totality of the circumstances, Defendant Hines' actions were objectively unreasonable and constituted excessive force and cruel and unusual punishment.

44.

The Aforementioned acts deprived Ms. Thomas of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983.

45.

As a proximate result of the unconstitutional acts of Defendant Hines, Ms. Thomas was harmed and suffered damages for her physical, mental, pain, fright and shock and mental anguish, humiliation and embarrassment.

46.

Defendant City of Atlanta's policies, procedures, protocols and customs, whether written or unwritten, or de facto, are to blame for this unlawful use of excessive force.

## COUNT II-ASSAULT AND BATTERY

47.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-46 above as if fully restated.

48.

Georgia law protects individuals from bodily invasion such as assault and battery. See O.C.G.A. § 51-1-13 and 51-1-14.

49.

Defendant Hines intended to cause and did cause Ms. Thomas to suffer apprehension of immediate harm and severe injury when he pulled her from her car, tasered and punched her in the eye.

50.

Defendant Hines utilized his taser as an extension of his body to inflict repeated offensive, unwanted and harmful touching of Ms. Thomas. And used his closed fist to strike Ms. Thomas in the eye inflicting additional offensive, unwanted and harmful touching of her.

51.

Defendant Hines' offensive, harmful and unwanted touching of her person occurred while Ms. Thomas was handcuffed lying on the ground and absent any consent from Ms. Thomas to said touching.

52.

Defendant Hines intended to make contact with Ms. Thomas with his closed fist and department issued taser. Defendant Hines acted willfully with malice, in bad faith without any lawful basis fully intending to cause injury to Ms. Thomas.

53.

Ms. Thomas was seriously injured from the unlawful attack by Defendant Hines.

### COUNT III: 42 U.S.C § 1983-VICARIOUS LIABILITY

54.

Defendants have a persistent and widespread practice of allowing and promoting excessive force incidents by failing to enact or enforce policies, procedures, protocols and customs to ensure its officers are properly trained to carry out their duties. Defendant City of Atlanta, instead enacted policies, whether written or unwritten, that demonstrate deliberate indifference to its citizens,

thereby allowing the deprivation of Plaintiff's civil rights, as more fully described in count I of this Complaint, entitled 42 U.S.C. § 1983-Violation of Civil Rights.

55.

Said failure by Defendant City of Atlanta caused Plaintiff pain and suffering as more fully detailed under the section in this Complaint under Damages.

## COUNT IV: SPECIAL DAMAGES

56.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55 above as if fully restated.

57.

As a result of Defendants' conduct, Ms. Thomas has incurred past medical expenses and will continue to incur medical expenses in the future.

58.

As a result of Defendants' conduct, Ms. Thomas has incurred past and future lost wages.

59.

As a result of Defendants' conduct, Ms. Thomas has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

## COUNT V: ATTORNEYS FEES

60.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-59 above as if fully restated.

61.

Pursuant to 42 U.S.C. § 1983 and state law, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of litigation.

## **COUNT VI: PUNITIVE DAMAGES**

62.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 61 above as if fully restated.

63.

Defendants in their individual capacity, knowingly, maliciously and intentionally injured Ms. Thomas and have acted with a willful, wanton and reckless disregard of Ms. Thomas' rights.

64.

As a result of Defendants' malicious, reckless and intentional conduct, Ms. Thomas is entitled to a punitive damages award against Defendants in their individual capacity.

65.

As a result of Defendants' conduct, Ms. Thomas has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, Plaintiff prays that she have a trial by jury on all issues and judgment against Defendants' as follows:

a) For the medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) For the pain and suffering, both for the past, present and future;

c) For lost wages and loss of earning capacity in an amount for the past, present and future which will be proven at the time of trial through the evidence;

d) For punitive damages, in an amount to be determined by the enlightened conscience of the jury;

e) For any such other relief as appears just and proper.

This 23rd day of November, 2022.

                                        **SUGGS LAW FIRM, P.C.**

                                        /s/ Eldridge Suggs, IV
                                        Eldridge Suggs, IV
                                        Georgia Bar No. 690807
                                        Robbin Shipp
                                        Georgia Bar No. 643109
                                        *Attorneys for Plaintiff*

One Alliance Center
3500 Lenox Rd. N.E., Suite 710
Atlanta, GA 30326
(404) 400-3422
esuggs@suggslaw.com
rshipp@suggslaw.com