IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAGGIE THOMAS,
   Plaintiff,

v.

JAMES HINES and CITY OF ATLANTA,
   Defendants.

Civil Action No.
1:22-cv-04417-SDG

### OPINION AND ORDER

This matter is before the Court on Defendant City of Atlanta's motion for summary judgment [ECF 36]. For the following reasons, the City's motion is **GRANTED**.

This case arises out of injuries sustained by Plaintiff Maggie Thomas during her arrest by Defendant James Hines, a City law enforcement officer.[1] This Order pertains solely to Thomas's claims against the City.[2] Those claims, as asserted in Thomas's complaint, were brought under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments, as well as under Georgia law for vicarious liability (premised on Hines's alleged assault and battery of Thomas) and punitive damages.[3] Thomas's § 1983 and punitive damages claims against the

---

[1] ECF 15, at 1–3.

[2] The following procedural discussion details only the claims against the City. Hines's motion for summary judgment on the claims against him in his personal capacity remains pending. ECF 49.

[3] ECF 4, at 7–12.

City were subsequently dismissed,[4] leaving only her Georgia vicarious liability claim.[5] The City now moves for summary judgment on that claim on sovereign immunity grounds.[6] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Underwood v. City of Bessemer*, 11 F.4th 1317, 1327 (11th Cir. 2006).

Under the doctrine of sovereign immunity, municipal corporations like the City generally cannot be held liable "for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." O.C.G.A. § 36-33-3. However, as relevant here, municipal corporations waive their sovereign immunity "by the purchase of liability insurance," provided "the policy covers an occurrence for which the defense of sovereign immunity is available," and even then "only to the extent of the limits of such insurance policy." O.C.G.A. § 36-33-1. The parties do not dispute that under § 36-33-1, the City is entitled to summary judgment if the undisputed facts establish that it has not waived sovereign

---

[4]   ECF 15, at 14.
[5]   *Id.* at 14–15.
[6]   ECF 36.

2

immunity by purchasing liability insurance that would provide coverage for Thomas's vicarious liability claim.[7]

The undisputed facts establish exactly that. According to the uncontroverted testimony of Jerry L. De Loach, the Chief Risk Officer of the City's Office of Enterprise Risk Management, the City did not purchase any insurance policy applicable to Thomas's claims,[8] choosing rather to maintain a self-insurance fund to cover "matters involving law enforcement liability."[9] Because the City has not purchased insurance that would cover Thomas's claim, it has not waived sovereign immunity and is entitled to summary judgment.

Thomas nevertheless asserts that a factual dispute exists as to whether the maintenance of a self-insurance fund is the same as "the purchase of liability insurance" for purposes of § 36-33-1.[10] The Court disagrees. The interpretation of sovereign immunity statutes, like statutory interpretation in general, is a matter of law. *Sons of Confederate Veterans v. Newton Cnty. Bd. of Comm'rs*, 368 Ga. App. 511, 512 (2023). And sovereign immunity statutes are read, like any other statute, according to their "plain and ordinary meaning." *McBrayer v. Scarbrough*, 317 Ga.

---

[7] ECF 36-1, at 2; ECF 39, at 8.

[8] ECF 36–3, ¶¶ 1–2, 4.

[9] *Id.* ¶ 5.

[10] ECF 39, at 8.

387, 393 (2023). The ordinary meaning of "purchase" is "to obtain by paying money or its equivalent,"[11] that is, to acquire something from a third party in exchange for something of value. It is plain that the maintenance of a self-insurance fund is not the same as the purchase of liability insurance in the ordinary sense of the word "purchase."

When determining the ordinary meaning of a term, courts "may also look to other provisions of the same statute." *City of Winder v. Barrow Cnty.*, 318 Ga. 550, 560 (2024). Two other provisions within Title 36 of the Georgia Code are instructive here. One provision, § 36-92-4(a), authorizes municipalities to pay "claims, settlements and judgments, and their associated costs through any method," including both "self-insurance" *and* "the purchase of liability insurance." The other provision, § 36-92-4(e), provides as follows:

> Where policies of insurance . . . have not been purchased . . . by a local government entity for the purposes of paying claims and judgments under this chapter, the fiscal year aggregate liability of any local government entity under this chapter shall not exceed any self-insurance or other reserve or fund established to pay claims arising out of this chapter. Where policies of insurance . . . have been purchased . . . and the local government entity also self-insures or establishes another reserve or fund to pay claims arising out of this chapter, the fiscal year aggregate liability of any local

---

[11]  *Purchase*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/purchase (last visited Sept. 18, 2024) [https://perma.cc/C4KU-DYK3].

> government entity under this chapter shall not exceed
> such entity's policies of insurance . . . and the amount of
> any self-insurance or other reserve or fund established to
> pay claims arising out of this chapter.

Section 36-92-4(e), in other words, caps the municipal tort liability for a given fiscal year at the amount of *purchased* insurance (if any) *plus* the amount of *self*-insurance. These two instances of the Georgia legislature's unambiguous distinction between purchased insurance and self-insurance, within Title 36, in the context of local governments' satisfaction of legal claims and judgments, teaches that purchased insurance and self-insurance are not interchangeable for purposes of § 36-33-1.

The Court would reach the same conclusion even if it determined that the word "purchase" in § 36-33-1 was ambiguous, under the canon of statutory construction that ambiguous waivers of sovereign immunity are narrowly construed. *McBrayer*, 317 Ga. at 393 (explaining that courts should "apply the canons of statutory construction" to resolve textual ambiguities). Because waivers of sovereign immunity are a function of "legislative grace," courts do not have the authority to extend a waiver of sovereign immunity beyond the specific provisions of the state legislature. *Godfrey v. Ga. Interlocal Risk Mgmt. Agency*, 290 Ga. 211, 214 (2011). The Supreme Court of Georgia has repeatedly warned that the "[w]aiver of a municipality's sovereign immunity in tort law is narrow." *Id.* Thus, to the extent that ambiguity exists as to whether the Georgia legislature intended for "purchase

of liability insurance" to include the maintenance of a self-insurance fund, that ambiguity is resolved in the City's favor.

The City's motion for summary judgment [ECF 36] is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate the City of Atlanta as a Defendant in this action.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge
