## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MAGGIE THOMAS,

    Plaintiff,

                v.

JAMES HINES, *individually and in his official capacity*,

    Defendant.

Civil Action No.
1:22-cv-04417-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant James Hines's motion for summary judgment [ECF 49]. For the following reasons, the motion is **GRANTED**.

## I.    BACKGROUND

This case arises out of Plaintiff Maggie Thomas's arrest by Defendant James Hines, a City of Atlanta law enforcement officer.[1] This Order pertains solely to Thomas's claims against Hines.[2] The facts in this case are undisputed, by virtue of Thomas's dual failure to file a response to Hines's statement of *undisputed* facts, and to support her statement of *disputed* facts with citations to the record,[3] both of which are required by Local Rule 56.1. LR 56.1(B)(2), NDGa. *Reese v. Herbert*, 527

---

[1]   ECF 49-4, ¶ 1.

[2]   The Court previously granted summary judgment against Thomas with regard to her claims against the City of Atlanta. ECF 54. Hines's counterclaims against Thomas remain pending. ECF 9, at 18–23.

[3]   *See* ECF 52. Plaintiff's counsel effectively conceded at oral argument that she failed to abide by Local Rule 56.1. ECF 58.

F.3d 1253, 1268 (11th Cir. 2008) (authorizing courts to "disregard or ignore evidence relied on by the [plaintiff] … that yields facts contrary to those listed in the [defendant]'s statement [of facts]," when that evidence is not presented in accordance with Local Rule 56.1). The relevant facts are as follows:

Thomas's arrest occurred at dusk,[4] in the enclosed parking lot of an apartment complex.[5] Hines approached Thomas after confirming an active City of Atlanta warrant for her arrest, for failure to appear in court in relation to a speeding ticket.[6] As Hines approached, Thomas was sitting in her car, speaking with someone on the phone, with her child by her side.[7] Hines ordered Thomas to get out of the car and off the phone.[8] Thomas initially refused,[9] but then rose out of her seat, and Hines attempted to handcuff her.[10] Thomas physically resisted,[11] but Hines managed to cuff Thomas's left hand and hold it behind her back.[12] Hines

---

[4]    ECF 49-4, ¶ 59.

[5]    *Id.* ¶¶ 3, 5.

[6]    *Id* ¶ 13; ECF 48-7.

[7]    ECF 49-4, ¶¶ 16, 20.

[8]    *Id.* ¶ 20.

[9]    *Id.* ¶ 22.

[10]    *Id.* ¶ 23.

[11]    *Id.* ¶ 24.

[12]    *Id.* ¶ 26.

asked for Thomas to give him her right hand[13] but she repeatedly refused,[14] instead trying to wrestle her right hand away,[15] screaming for Hines to let her go,[16] and blowing the car horn with her head.[17] The two continued to struggle in this posture—with Hines holding Thomas's cuffed left hand behind her back,[18] and Thomas refusing to give him her right[19]—for over five minutes.[20] During that time, as Hines waited for backup,[21] Thomas indicated that she was "not going nowhere" with Hines; stated that "I don't trust this man,"[22] and called Hines a "cracker" and a "pussy ass cop."[23] Hines warned Thomas that he would tase her if she did not

---

13 *Id.* ¶ 27.

14 *Id.* ¶ 28.

15 *Id.* ¶ 42.

16 *Id.*

17 *Id.* ¶¶ 33, 41.

18 *Id.* ¶ 31.

19 *Id.* ¶ 42.

20 *Id.* ¶¶ 24, 48 (indicating that over five minutes elapsed between when Thomas began to resist being cuffed and when Hines took Thomas to the ground).

21 *Id.* ¶¶ 30–32.

22 *Id.* ¶ 36.

23 *Id.* ¶¶ 43, 47, 57.

stop resisting.[24] The altercation began to draw an agitated crowd.[25] By this time, night had fallen and the parking lot was dark.[26]

Hines eventually took Thomas to the ground[27] and, as she was screaming and writhing,[28] tased her in the back[29] for one second.[30] Soon afterwards, Hines succeeded in cuffing both of Thomas's hands behind her back.[31] Hines then attempted to walk Thomas to his squad car,[32] but Thomas resisted, stating that she was not "going nowhere with this cracker"[33] and demanding to be let go.[34] As Hines was attempting to force Thomas into his car,[35] Thomas bit Hines's hand,[36] and Hines in response struck Thomas in the face around her left eye,[37] after which

---

[24] *Id.* ¶ 38.

[25] *Id.* ¶¶ 45, 64–65.

[26] *Id.* ¶ 59.

[27] *Id.* ¶ 48.

[28] *Id.* ¶ 49.

[29] *Id.* ¶ 51.

[30] *Id.*

[31] *Id.* ¶ 58.

[32] *Id.* ¶ 61.

[33] *Id.* ¶ 63.

[34] *Id.* ¶ 66.

[35] *Id.* ¶ 67.

[36] *Id.* ¶ 70.

[37] *Id.* ¶ 71.

Thomas and Hines fell to the ground together.[38] At that moment, other officers arrived on the scene[39] and forced Thomas into the squad car.[40] At the time of her arrest, Thomas was evaluated by EMS for facial pain,[41] but no reason was found to take her to a medical facility.[42] Later that evening, Thomas was examined at her request at a local emergency room,[43] revealing bruising to her left eye, wrists, and back.[44] These injuries healed within three weeks.[45]

## II.    DISCUSSION

Thomas asserts claims against Hines for excessive force under the Fourth Amendment and for assault and battery under Georgia tort law.[46] Hines moves for summary judgment under Federal Rule of Civil Procedure 56.[47] Summary

---

[38]  *Id.* ¶ 72.

[39]  *Id.* ¶ 73.

[40]  *Id.* ¶ 77.

[41]  *Id.* ¶ 81.

[42]  *Id.* ¶ 82.

[43]  *Id.* ¶ 84.

[44]  *Id.* ¶¶ 85, 87.

[45]  *Id.* ¶ 89.

[46]  ECF 4, at 7–10. Thomas's complaint also asserts claims for false arrest under the Fourth Amendment, and for violations of the Eighth and Fourteenth Amendments. However, because Thomas failed to oppose Hines's motion for summary judgment as to these additional claims, the Court deems them to have been abandoned. In any case, the undisputed facts show that Hines is entitled to judgment as a matter of law on all three claims.

[47]  ECF 49, at 1.

judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fᴇᴅ. R. Cɪᴠ. P. 56. Even where, as here, a motion for summary judgment is functionally unopposed by virtue of the non-moving party's failure to abide by Local Rule 56.1, the Court cannot automatically grant summary judgment. *Reese*, 527 F.3d at 1268. Rather, the Court must both "review the movant's citations to the record" to confirm the absence of any genuine issue of material fact, and hold the movant to its "burden of showing that it is entitled to judgment as a matter of law." *Id.* at 1268–69. The Court has accordingly reviewed the citations to Hines's statement of material facts and is satisfied that it contains no "factual assertions that are otherwise unsupported in the record." *Id.* at 1269. Deeming Hines's statement of undisputed facts to be admitted, the Court rules that Hines is entitled to judgment as a matter of law on all of Thomas's claims.

### A.    Hines Is Entitled to Summary Judgment on the Fourth Amendment Claim.

Thomas asserts that Hines is liable under 42 U.S.C. § 1983 because his use of force violated her right to be free from unreasonable seizures under the Fourth Amendment.[48] *See Graham v. Connor*, 490 U.S. 386, 394 (1989). The standard for Hines's claim is an objective one: whether a "reasonable officer would believe"

---

[48]    ECF 51, at 6.

that the level of force used by the defendant was "necessary in the situation at hand," *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002), in light "of the totality of the circumstances," *Acosta v. Miami-Dade Cnty.*, 97 F.4th 1233, 1239 (11th Cir. 2024). Relevant factors in evaluating the reasonableness of an officer's use of force include (1) "the severity of the crime at issue," (2) "whether the suspect posed an immediate threat to the safety of the officers or others," (3) whether the suspect "was actively resisting arrest or attempting to evade arrest by flight," (4) "the need for the application of force," (5) "the relationship between the need and amount of force used," and (6) "the extent of the injury inflicted." *Id.*

Hines's use of force was objectively reasonable under the totality of the circumstances. The enumerated reasonableness factors support Hines: though Thomas's underlying traffic violation was hardly severe, her biting of Hines's hand evinced some threat to his physical safety, and she was active and belligerent in resisting arrest. Hines's perceived threat to his physical safety was reasonably enhanced by the fact that he was alone, in the dark, in an enclosed parking lot, in front of an agitated crowd. The degree of force Hines used was, for the most part, attenuated. He took Thomas to the ground only after unsuccessfully attempting to place her in handcuffs for over five minutes, and only after Thomas had been

physically separated from her child.[49] He tased Thomas only once,[50] for a short duration, after giving warning, and in response to Thomas's continued resistance to being handcuffed. Thomas's injuries were not serious.

Hines's only colorably excessive use of force was in striking Thomas in the face after handcuffing her—but that occurred in reaction to her biting his hand, and in the context of her refusal to get into Hines's police car. The Eleventh Circuit has held (albeit in an unpublished opinion[51]) that a handcuffed arrestee's repeated refusal "to comply with the most minimal of police instructions—that is, to stand up and to walk to the patrol car"—at night, in conditions giving rise to legitimate concerns for the officer's physical safety, justified the use of "moderate, nonlethal force" to elicit compliance. *Buckley v. Haddock*, 292 F. App'x 791, 794, 795 (11th Cir. 2008). In *Buckley*, the use of "moderate, nonlethal force" meant tasing a sobbing man sitting on the side of the road three times, for five seconds at a time. *Id.* at 792–93. Hines's actions here are significantly less severe than the conduct deemed legal in *Buckley*. *Buckley* demonstrates that Hines's use of force, given all of the facts and circumstances, was not objectively unreasonable.

---

[49]    ECF 49-4, ¶ 45.

[50]    *Id.* ¶ 53.

[51]    "Unpublished opinions are not binding precedent," *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013), but they are "persuasive authority," *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

However, even if Hines's use of force had been objectively unreasonable, he would still be entitled to summary judgment because he is protected by qualified immunity. Qualified immunity bars suits against officials who violate constitutional rights, if the official was acting within his discretionary authority and the right was not "clearly established" at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, because Hines was acting within his discretionary authority when he arrested Hines, *see Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004) (indicating that a police officer acts within the scope of his discretionary authority when he attempts "to effectuate arrests"), the burden falls on Thomas to show that Hines's actions during the arrest violated clearly established law. *Lee*, 284 F.3d at 1194.

Broadly speaking, a plaintiff can show the violation of a clearly established right in two ways.[52] She can show that the defendant's conduct was so egregious that it obviously violated either the text of the Constitution or a rule of law set forth by binding precedent. *Vinyard v. Wilson*, 311 F.3d 1340, 1350–51 (11th Cir. 2002). In the Eleventh Circuit, for example, "unprovoked force against a non-

---

[52] The Eleventh Circuit usually frames qualified immunity as a three-pronged analysis. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005). But it has also recognized that, at a high level, qualified immunity arguments come in two stripes: those that "look for obvious clarity," and those that "rely on decisional law." *Powell v. Snook*, 25 F.4th 912, 920 (11th Cir. 2022).

hostile and non-violent suspect who has not disobeyed instructions" is a clear Fourth Amendment violation. *Richmond v. Badia*, 47 F.4th 1172, 1182 (11th Cir. 2022). Or, alternatively, the plaintiff can show that the defendant's conduct has been declared unlawful in a factually analogous case decided by the Supreme Court, the Eleventh Circuit, or the Supreme Court of Georgia. *Vineyard*, 311 F.3d at 1352–52. Thomas could, for example, potentially reason by analogy from cases in which a plaintiff was tased and struck while physically resisting arrest.

Thomas has elected not to reason by analogy, and only asserts that the unlawfulness of Hines's conduct should have been "readily apparent to him, notwithstanding the lack of fact-specific case law."[53] The Court disagrees. This is not a case where the law is "so clear" and the conduct "so bad" that the constitutional violation is obvious. *Id.* at 1350. In light of the circumstances of the arrest, Hines's use of force—the takedown to the ground, the brief tasing in the back, the blow to the face—are not *per se* violative of the Fourth Amendment. *Charles v. Johnson*, 18 F.4th 686, 700 (11th Cir. 2021) (holding that an officer did not use excessive force when he tackled an arrestee and tased him while handcuffed); *Woodruff v. City of Trussville*, 434 F. App'x 852, 855 (11th Cir. 2011) (holding that an officer did not use excessive force in punching an arrestee in the face).

---

[53]    ECF 51, at 5 (quoting *Byrd v. Cavenaugh*, 269 Ga. App. 612, 615 (2004)).

This is, in other words, a context-dependent excessive force case in which the unconstitutionality of Hines's conduct must be established, not through high-level legal principles, but through specific facts from analogous case law. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) ("The general proposition … that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). Yet Thomas—on whom lies the burden of showing that qualified immunity does not apply—has failed to identify a single factually analogous case that could have given Hines "fair warning" that his conduct in arresting Thomas was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). And the factually analogous case law that the Court has found—for example, *Buckley*, *Charles*, and *Woodruff*—indicates the opposite, that Hines's use of force was objectively reasonable. Thomas has therefore failed to show that Hines is not entitled to qualified immunity, and Hines is accordingly entitled to judgment on Thomas's Fourth Amendment claim as a matter of law.

### B.    Hines Is Entitled to Summary Judgment on the State Law Claims.

In addition to her Fourth Amendment claim, Thomas asserts that Hines is liable under Georgia law for assault and battery for tasing her and striking her in the face.[54] As a preliminary matter, the Court in its discretion exercises

---

[54]    *Id.* at 9.

supplemental jurisdiction over Thomas's state law claims under 28 U.S.C. § 1367, notwithstanding the dismissal of all the federal claims on which this Court's jurisdiction was originally premised,[55] because doing so promotes judicial economy, convenience, and fairness to the parties, and because Thomas's state and federal claims would be expected to be tried together. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725–26 (1966)).

Having asserted jurisdiction over Thomas's assault and battery claims, the Court rules that they are barred by official immunity. Under Georgia law, "a state official cannot be sued for his discretionary actions unless he acted with 'actual malice' or an 'actual intent to cause injury.'" *Black v. Wigington*, 811 F.3d 1259, 1265 (11th Cir. 2016) (quoting Ga. Const. art. I, ¶ 2, ¶ IX(d).). "Actual malice" is a high standard: higher than "unreasonable," and higher than "recklessly illegal." *Id.* Here, where Hines was acting within the scope of his discretionary authority, and the undisputed facts do not support a finding that he acted with "wilfulness, malice, or corruption," he is entitled to judgment on Thomas's state law claims as a matter of law.[56] *Cameron v. Lang*, 274 Ga. 122, 123 (2001).

---

[55] ECF 1, ¶¶ 4–5.

[56] Hines argues in the alternative that Thomas's state law claims are barred by the statute of limitations. ECF 49-5, at 23. Because Thomas's state law claims

## III.    CONCLUSION

Hines's motion for summary judgment [ECF 49] is **GRANTED**. Within 30 days from entry of this Order, the parties are **ORDERED** to file their consolidated pretrial order on Hines's counterclaims against Thomas for assault and battery.[57] The Clerk of Court is **DIRECTED** to submit this Order to undersigned after 30 days.

SO ORDERED this 24th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge

---

are barred by official immunity regardless of their timeliness, the Court does not address the statute of limitations issue.

[57]    ECF 9, at 21. The Court in its discretion will exercise supplemental jurisdiction over Hines's state law counterclaims under 28 U.S.C. § 1367, for the same reasons it exercised supplemental jurisdiction over Thomas's state law claims as discussed *supra*.